**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAYMOND DUNCAN, | : | |
| | : | Civil No. 07-1494 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| CHARLES SAMUELS, JR., | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

    RAYMOND DUNCAN, Petitioner pro se
    #16671-014
    F.C.I. Fort Dix
    P.O. Box 2000 (East)
    Fort Dix, New Jersey 08640

**BUMB, District Judge**

This matter is before the Court on the petition of Raymond Duncan ("Duncan") for habeas corpus relief under 28 U.S.C. § 2241, seeking derivative citizenship pursuant to 8 U.S.C. § 1431(a)(1)(2)(B). Duncan submitted an application to proceed in forma pauperis, and it appears that he is qualified to proceed as an indigent in this matter. Accordingly, the Court will grant petitioner's application and permit him to proceed in forma pauperis in this matter. For the reasons set forth below, the Court will dismiss the petition without prejudice for lack of jurisdiction at this time.

I.  BACKGROUND

The following facts are taken from the petition, and are assumed true for purposes of this decision.

On or about May 19, 1986, Duncan alleges that he arrived in the United States as a permanent resident alien.  At that time, Duncan was in the custody of his father, Trevor E. Duncan, and he remained in his father's custody.  When Duncan was 15 years old, his father became a U.S. citizen.

Duncan now brings this action under § 2241, because he is presently confined at the FCI Fort Dix.  He claims he meets all the criteria for derivative citizenship status, as set forth in 8 U.S.C. § 1341(a)(1),(2) and (3).  Duncan further alleges that he has exhausted his administrative remedies because he has petitioned the Immigration and Naturalization Office, located at 120 North 8th Street in Philadelphia, Pennsylvania, for derivative citizenship on several occasions, but has not received any response.[1]

II.  ANALYSIS

A.  Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A

---

[1] Duncan attaches to his petition copies of the letter he sent, dated July 10, 2006 and October 21, 2006.  He also attaches copies of requests he made to officials at FCI Fort Dix, seeking their assistance in verifying his derivative citizenship status.

petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.  Petitioner's Claim

Petitioner claims that he became a citizen pursuant to his father's naturalization when petitioner was 15 years old. He asks this Court to grant him derivative citizenship status. Duncan does not provide a copy of his father's certificate of naturalization. There also are no documents to show that Duncan was in the custody of his father at the time of his father's naturalization.

There are no allegations in the petition that Duncan is subject to removal from the United States, or that he has been

3

noticed for removal proceedings.  Moreover, Duncan does not allege that his status as an alien is affecting his classification status as a prisoner at FCI Fort Dix.  Thus, there are no allegations that petitioner's custody at this time would be altered by a determination of his derivative citizenship.

C. <u>No Jurisdiction for Judicial Review at this Time</u>

There are two ways by which Duncan may seek judicial review of his derivative citizenship claim.  First, "where an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied [in the removal proceedings], that individual may seek judicial review of the claim only before the appropriate court of appeals, not a district court."  <u>Henriquez v. Ashcroft</u>, 269 F. Supp.2d 106, 108 (E.D.N.Y. 2003)(citing 8 U.S.C. § 1252(b)(5)); <u>see also</u> <u>Rivera-Martinez v. Ashcroft</u>, 389 F.3d 207, 208-10 (1st Cir. 2004)(holding that alien cannot pursue derivative citizenship claim in a § 2241 habeas action because § 1252(b) establishes a specific statutory process for such claims), <u>cert</u>. <u>denied</u>, 545 U.S. 1142 (2005); <u>McKenzie v. INS</u>, No.Civ.A. 04-1001, 2005 WL 452371 (E.D. Pa. Feb. 23, 2005). Here, there are no allegations that Duncan is subject to removal proceedings, and that he applied for derivative citizenship in removal proceedings.

Second, Duncan may file an Application for Certificate of Citizenship (Form N-600) with the United States Department of

Homeland Security, Customs and Immigration Services ("CIS").  8 C.F.R. § 341.1.  The applicant may appeal the denial of an application for a certificate of citizenship to the Administrative Appeals Unit (AAU).  8 C.F.R. § 322.5(b).  In certain circumstances, an applicant whose appeal is denied by the AAU is entitled to bring an action in federal district court seeking a declaratory judgment of citizenship.  See 8 U.S.C. § 1503(a).  Duncan does not show that he has filed an "Form N-600" application for derivative citizenship.  Nor does he allege that there has been an administrative denial of his derived citizenship claim.

Thus, as illustrated above, federal statute and regulations provide an administrative process for aliens to apply for derivative citizenship and appeal an unfavorable determination.  8 U.S.C. § 1452(a); 8 C.F.R. §§ 341.1, 103.3(a).  See Ewers v. INS, 2003 WL 2002763, *2 (D.Conn., Feb. 28, 2003).  Moreover, federal law requires that the alien exhaust all available administrative remedies before seeking judicial review with respect to a claim of citizenship, whether it is raised in a removal proceeding or through the filing of an application for declaration of citizenship.  See 8 U.S.C. § 1252(b); 8 U.S.C. § 1503(a); see also Massieu v. Reno, 91 F.3d 416, 426 (3d Cir. 1996); United States v. Breyer, 41 F.3d 884, 891-92 (3d Cir. 1994)(§ 1503(a) requires a "final administrative denial" before

commencing an action for a declaratory judgment); McKenzie v. INS, 2005 WL 452371, *4 (E.D.Pa., Feb. 23, 2005); Ewers, supra. This exhaustion requirement is jurisdictional. See Duvall v. Ellwood, 336 F.3d 228, 233 (3d Cir. 2003); Breyer, 41 F.3d at 891-92.

Here, Duncan did not raise his derivative citizenship claim in removal proceedings. In fact, as stated above, there are no allegations that removal proceedings have been initiated against petitioner. However, even if Duncan had properly raised his derivative citizenship claim in removal proceedings and fully exhausted his administrative remedies, the proper forum for seeking judicial review of his claim would be the United States Court of Appeals for the Third Circuit, and not his district Court.

Moreover, Duncan does not show that he has applied for a certificate of citizenship by filing a Form N-600 application with the CIS. Rather, he alleges that he has sent two letters to the Immigration and Naturalization Services, and has not received any response to his applications.[2] Thus, there is no

---

[2] Pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002), the Immigration and Naturalization Services ("INS") was abolished. On March 1, 2003, most of the functions of the INS were transferred to the Department of Homeland Security ("DHS"). See Authority of the Secretary of Homeland Security; Delegations of Authority; Immigration Laws, 68 Fed. Reg. 10922 (March 6, 2003). Three departments within the DHS assumed the INS's responsibilities: (a) U.S. Citizenship and Immigration Services ("CIS") has taken

administrative determination with respect to Duncan's claim of citizenship for this Court to review and Duncan has not availed himself of the administrative process necessary to a claim of citizenship.  Therefore, this Court lacks subject matter jurisdiction to adjudicate Duncan's claim of derivative citizenship.  Accordingly, Duncan's petition for habeas relief under § 2241 will be dismissed without prejudice.

Finally, even if jurisdiction under § 2241 is lacking at this time, the Court finds that petitioner has no basis for construing this action as a complaint for declaratory judgment under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, et seq., in combination with the federal question statute, 28 U.S.C. § 1331, or alternatively, as a writ of mandamus compelling the CIS to process his application for naturalization under the Mandamus Act, 28 U.S.C. § 1361.  The Court will address each statute in turn.

First, the APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  This includes judicial review to "compel agency action

---

on the INS's immigration benefit services; (b) U.S. Immigration and Customs Enforcement ("ICE") has assumed the INS's law enforcement functions; and (c) U.S. Customs and Border Protection ("CBP") has taken the border patrol.

unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). See also Brock v. Pierce County, 476 U.S. 253, 260 n. 7 (1986)(noting that the APA permits the district court to compel agency action).

Here, the CIS has a non-discretionary duty to process Duncan's application for a certificate of citizenship within a reasonable time frame and that jurisdiction exists for this Court to compel the performance of this duty. See Yu v. Brown, 36 F. Supp.2d 922, 931 (D.N.M. 1999); Fraga v. Smith, 607 F. Supp. 517, 521 (D. Or. 1985)(holding that the language of 8 U.S.C. § 1452, regarding the procedure for naturalization applications, implicitly requires the INS to process such applications with reasonable promptness). However, Duncan has not filed the appropriate application, Form N-600, with the proper agency; nor has he alleged sufficient facts to show that the delay in adjudicating his application for citizenship is adversely affecting him. Consequently, it does not appear that Duncan can meet the requirements to file a civil complaint under the APA.

Alternatively, the Mandamus Act vests the district court with original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to a plaintiff. See 28 U.S.C. § 1361. It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases. See Heckler

v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970).  Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt."  Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992).  The Supreme Court has set forth conditions to be established before mandamus relief is granted:  (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy.  See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 403 (1976)(party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982), cert. denied, Matthews v. U.S., 459 U.S. 1211 (1983).  Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied."  Coombs v. Staff Attorneys, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

   For the reasons stated above, Duncan has not shown that his right to the writ is clear and undisputable.  At this point in time, Duncan has not filed the appropriate application for

derivative citizenship with the proper agency, namely the CIS. Thus, there exists an adequate means of relief for petitioner to obtain his derivative citizenship, which he has not fully pursued or exhausted.  Consequently, Duncan has not alleged sufficient facts that would enable him to proceed with a mandamus action to compel the CIS to adjudicate his letter request for derived citizenship.

### III.   CONCLUSION

For the reasons set forth above, the petition will be dismissed without prejudice for lack of jurisdiction at this time.   An appropriate order follows.


                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: April 5, 2007

10